# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE HOWLETT, | Civil Action: 2:22-cv-107 |
| Plaintiff, | |
| vs. | **COMPLAINT IN CIVIL ACTION** |
| NORMIL BENSON, and YLM LOGISTICS, INC., | Filed on Behalf of: Plaintiff |
| Defendant | Counsel of Record for this Party: |

**NOTICE TO DEFEND**

TO: Defendants

You are hereby notified to file a written response to the enclosed **Complaint in Civil Action** within Twenty (20) days from the date of service hereof or a judgment may be entered against you

By:_____
Shaheen Z. Wallace

Shaheen Z. Wallace, Esquire
PA I.D.#319893
THE LAW OFFICE OF SHAHEEN WALLACE, ESQ., LLC
607 College Avenue, Suite 2F
Pittsburgh, PA 15232

(412) 345-1164
szw@wallaceinjury.com

**JURY TRIAL DEMANDED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINE HOWLETT,

        Plaintiff,

vs.

NORMIL BENSON, and
YLM LOGISTICS, INC.,

        Defendant.

### NOTICE TO DEFEND

        You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing, in writing with the court, your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

        IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Services
Allegheny County Bar Association
11th Floor Koppers Building
436 7th Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINE HOWLETT,

    Plaintiff,

vs.

NORMIL BENSON, and
YLM LOGISTICS, INC.,

    Defendant

## COMPLAINT IN CIVIL ACTION

### I. Parties

#### A. Plaintiff

1. Antoine Howlett ("Plaintiff") is an adult individual currently residing at 1024 Yarn Court, Mohrsville, PA 19541.

#### B. Defendant

2. Normil Benson, ("Defendant Benson") is an adult individual currently residing at 5850 N 14th Street, Sunrise FL 33313.

3. YLM Logistics, Inc. is a corporation with its principal location at 3238 S. Home Avenue, Berwyn, IL 60402.

### II. Venue

4. Venue in the Western District is proper pursuant to 28 U.S.C §1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the clam occurred.

### III. Jurisdiction

5. Jurisdiction in the Western District is proper under 28 U.S.C. §1332 as the value exceeds $75,000 and all parties are citizens of different states.

### III. Factual Background

6. On or about May 16, 2020, at approximately 3:37 PM, Plaintiff was proceeding down Interstate 78 in Greenwich Township in Berks County in his 2015 Audi A3 with his young son in the backseat.

7. At the same time, Defendant Benson, driving an 18-wheeler on behalf of YLM Logistics, Inc., was proceeding in the right lane in the same direction of travel as the Plaintiff.

8. As the Plaintiff and Benson were proceeding through a construction zone, Benson attempted to make a lane change from the right to the left lane.

9. Benson initiated the lane change without first checking to see if there were any vehicles already occupying the left lane.

10. When Benson made the lane change into the left lane, he struck the right side of Plaintiff's car, nearly sending it careening into the cement barrier to Plaintiff's left.

11. Plaintiff managed to gain control of his vehicle, but the Benson did not stop his truck and continued driving away from the scene of the crash.

12. Plaintiff pursued Benson until Benson finally pulled over and first responders arrived on the scene.

13. As a result of the crash, Plaintiff sustained serious injury to his person.

### IV. Causes of Action

**NEGLIGENCE**
(Antoine Howlett v. Benson Normil)

14. Paragraphs 1 through 13 are incorporated here by reference as though set forth fully.

15. Defendant had a duty to act as a reasonable driver would have under the same or similar circumstances.

16. Defendant breached that duty by the following:

   a. In causing the collision with Plaintiff's vehicle;

   b. In operating his vehicle in a dangerous condition;

   c. In failing to maintain a proper lookout;

   d. In failing to have his vehicle under proper control;

   e. In failing to stop or turn aside before colliding with Plaintiff's vehicle;

   f. In failing to properly maintain his vehicle;

   g. In driving at an unsafe speed;

   h. In operating his vehicle in a manner which was in violation of the laws of the Commonwealth of Pennsylvania.

17. As a result of the collision complained of, Plaintiff sustained serious injuries.

18. As a result of the collision complained of and the resultant physical injuries, for which Defendant is liable, Plaintiff has sustained the following damages:

   a. Physical pain and suffering;

   b. Loss of enjoyment of life's pleasures;

   c. Mental anguish and distress;

   d. Scarring and disfigurement;

   e. Lost wages; and

    f. Medical bills not paid by insurance.

19. As a result of the injuries sustained by the Plaintiff, as set forth above, Plaintiff has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money. Plaintiff may be obligated to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

20. As a further result of this accident, Plaintiff has suffered agonizing aches, severe physical pains and will continue to suffer the same for an indefinite period of time in the future, to his great detriment and loss.

21. As a direct and proximate result of the carelessness and negligence of Defendant described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of usual duties, pursuits and pleasures.

WHEREFORE, the Plaintiff, Antoine Howlett, requests this Court to enter a judgment for compensatory damages against the Defendant, Normil Benson, together with all interest, associated costs and any other such relief as this Court may deem to be just and proper.

**Vicarious Liability**
(Antoine Holwett v. YLM Logistics, Inc.)

22. Paragraphs 1 through 17 are incorporated by reference as though set forth fully.

23. YLM Logistics, Inc. is responsible for the negligent acts and omissions of its agents, ostensible agents, servants and/or employees.

24. YLM Logistics, Inc. acted by and through its duly authorized agents, employees, servants, franchisors, franchisees, and/or assigns who conducted themselves, within the scope and course of their employment and/or agency, and for the benefit of YLM Logistics, Inc.

25. When Benson injured Plaintiff, he was acting within the scope of his employment as agent, servant, or employee of YLM Logistics, Inc.

26. Benson was acting in part to serve the interest of YLM Logistics, Inc. when he struck and injured Plaintiff.

27. Benson was charged with the duty to act as reasonably prudent person would in the same or similar circumstances.

28. This duty required Benson to ensure that his conduct did not endanger other persons or expose them to hazardous conditions.

29. While in the employ of the YLM Logistics, Inc., Benson breached his duty of care, causing injuries to Plaintiff.

30. Notwithstanding its duty, the negligence, carelessness, and recklessness of Benson directly and proximately caused the Plaintiff to suffer and sustain serious injuries.

31. At all times relevant hereto, YLM Logistics, Inc. had a duty to act in accordance with the standard of care and to act as a reasonable business would under the same or similar circumstances.

32. At all times relevant hereto, Plaintiff acted with reasonable care and prudence and neither contributed to nor caused the damages complained of herein.

33. At all times relevant hereto, YLM Logistics, Inc., is liable for Normil's negligent or reckless conduct.

34. As a result of the injuries sustained by the Plaintiff, as set forth above, Plaintiff has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money. Plaintiff may be obligated to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

35. As a further result of this accident, Plaintiff has suffered agonizing aches, severe physical pains and will continue to suffer the same for an indefinite period of time in the future, to his great detriment and loss.

36. As a direct and proximate result of the carelessness and negligence of Defendant described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of usual duties, pursuits and pleasures.

WHEREFORE, the Plaintiff, Antoine Howlett, requests this Court to enter a judgment for compensatory damages against the Defendant, YLM Logistics, Inc., together with all interest, associated costs and any other such relief as this Court may deem to be just and proper.

## NEGLIGENT ENTRUSTMENT
(Antoine Howlett v. YLM Logistics, Inc.)

37. Paragraphs 1 through 36 are incorporated by reference as though set forth fully.

38. YLM Logistics, Inc., authorized Benson to operate one of their 18-wheelers in furtherance of their business purpose.

39. YLM Logistic, Inc., knew or should have known that permitting Benson to operate one of their vehicles would create an unreasonable risk of harm to the motoring public.

40. YLM Logistics, Inc., ignored the risk and allowed Benson to drive in spite of their knowledge that his operation of a motor vehicle would create an unreasonable risk of harm.

41. YLM Logistics, Inc., breached its duty of care in allowing Benson to operate their 18 wheeler.

42. As a direct and proximate result of the carelessness and negligence of Defendant described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past and will

continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of usual duties, pursuits and pleasures.

WHEREFORE, the Plaintiff, Antoine Howlett, requests this Court to enter a judgment for compensatory damages against the Defendant, YLM Logistics, Inc., together with all interest, associated costs and any other such relief as this Court may deem to be just and proper.

### **NEGLIGENT HIRING, SUPERVISION, OR RETENTION**
(Antoine Howlett v. YLM Logistics, Inc.)

43. Paragraphs 1 through 42 are incorporated herein as though set forth fully.

44. YLM Logistics, Inc., conducted its business activities through Normil Benson, an agent, or servant for YLM.

45. YLM Logistics, Inc., was aware that the operation of its vehicles on the motoring public involved a risk of harm to others.

46. YLM Logistics, Inc. had a responsibility to hire drivers who would not put the public at risk while operating their vehicles.

47. YLM Logistics, Inc., had a duty to properly supervise Benson while he was driving for YLM.

48. YLM Logistics, Inc., was aware that Benson should not have been permitted to drive their vehicles.

49. YLM Logistics, Inc., nonetheless, allowed Benson to drive an 18-wheeler when he should not have been permitted to.

50. When Benson negligently caused a collision with the Plaintiff, YLM Logistics, Inc., breached its duty of care to Plaintiff.

51. As a direct and proximate result of the carelessness and negligence of Defendant described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past and will

continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of usual duties, pursuits and pleasures.

WHEREFORE, the Plaintiff, Antoine Howlett, requests this Court to enter a judgment for compensatory damages against the Defendant, YLM Logistics, Inc., together with all interest, associated costs and any other such relief as this Court may deem to be just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted

The Law Office of Shaheen Wallace, Esq., LLC

By: _____
Shaheen Wallace, Esq.
PA I.D.# 319893
5850 Ellsworth Ave, Suite 230
Pittsburgh, PA 15232
(412) 345-1164
Attorney for the Plaintiff,
Antoine Howlett

## VERIFICATION

The undersigned, Antoine Howlett, herein avers that the statements of fact contained in the attached COMPLAINT IN CIVIL ACTION are true and correct to the best of his information, knowledge, and belief, and are made subject to the penalties 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 1/9/2022

*Antoine Howlett*
DocuSigned by:
DB93755E143548B...

Antoine Howlett